FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

2016 DEC -7 PM 2: 57

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

UNITED STATES OF AMERICA

v.                                              CASE NO. 2:16-cr-134-FtM-29MRM
                                                18 U.S.C. § 2252(a)(4)(B)
DAVID CASWELL

# INDICTMENT

The Grand Jury charges:

## COUNT ONE

On or about August 6, 2015, in the Middle District of Florida, and elsewhere, the defendant,

**DAVID CASWELL,**

did knowingly possess a matter which contained a visual depiction that had been shipped and transported using any means and facility of interstate and foreign commerce, and that had been shipped and transported in and affecting interstate and foreign commerce, and that had been produced using materials which had been mailed, shipped, and transported using any means and facility of interstate and foreign commerce including by computer, when the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct and the visual depiction was of such conduct.

In violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2).

## **FORFEITURE**

1. The allegation contained in Count One of this Indictment is hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures, pursuant to the provisions of 18 U.S.C. § 2253.

2. Upon conviction of the violation of 18 U.S.C. § 2252(a)(4)(b) charged in Count One, the defendant DAVID CASWELL, shall forfeit to the United States, pursuant to 18 U.S.C. § 2253, all of his interest in:

    a. Any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or 2252, 2252A, 2252B, or 2260 of this chapter, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of this chapter:

    b. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

    c. Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

3. The property to be forfeited includes, but is not limited to, a Dell Optiplex 9010 computer tower, serial number 28992309121.

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b).

Dated: 12/7/16

A TRUE BILL,

/s/ Foreperson

A. LEE BENTLEY, III
United States Attorney

By: /s/ Charles D. Schmitz
Charles D. Schmitz
Assistant United States Attorney

By: /s/ Jesús M. Casas
Jesús M. Casas
Assistant United States Attorney
Chief, Fort Myers Division

3

## UNITED STATES DISTRICT COURT
Middle District of Florida
Fort Myers Division

THE UNITED STATES OF AMERICA

vs.

DAVID CASWELL

### INDICTMENT

Violations:

18 U.S.C. § 2252(a)(4)(B)

A true bill,

_____
Foreperson

Filed in open court this 7th day of December, 2016.

_____
Clerk

Bail $_____