UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 2:16-cr-134-FtM-29MRM

DAVID CASWELL
_____

**FINDING OF FACTS AND CONCLUSIONS OF LAW**

This matter came before the Court on December 19, 2017. (Doc. #70.) Defendant waived his right to a jury trial, and the United States consented to that waiver. (Doc. #72.) The Court approved the waiver, and the case proceeded before the Court as the trier of fact pursuant to Federal Rule of Criminal Procedure 23(a). The parties submitted a Joint Stipulation of Facts (Doc. #67.)

The Court makes the following finding of facts and conclusions of law:

**I.**

1. On December 7, 2016, defendant David Caswell (defendant or Caswell) was charged in a one-count Indictment (Doc. #3) with possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2).

**II.**

2. In relevant part, Title 18 U.S.C. Section 2252(a)(4)(B) makes it a crime for any person to "knowingly possess[ ] . . . 1 or more books, magazines, periodicals, films, video tapes, or other matter

1

which contain any visual depiction" that has traveled through interstate commerce if "(i) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and (ii) such visual depiction is of such conduct." 18 U.S.C. § 2252(a)(4)(B).

3. The United States must prove each element of the offense beyond a reasonable doubt. An element of a crime may be established "through circumstantial evidence or from inferences drawn from the conduct of an individual." United States v. Utter, 97 F.3d 509, 512 (11th Cir. 1996) (citation omitted); United States v. Pruitt, 638 F.3d 763, 766 (11th Cir. 2011) (evidence that a person has searched for child pornography on the internet and has a computer containing child-pornography images can count as circumstantial evidence that a person has knowingly received child pornography).

4. An act is done "knowingly" when it is performed voluntarily and intentionally, not because of mistake or accident. United States v. Woodruff, 296 F.3d 1041, 1047 (11th Cir. 2002). In the context of Section 2252, the term "knowingly" refers to the defendant's knowledge of the fact that the matter contains child pornography. United States v. X-Citement Video, Inc., 513 U.S. 64, 78 (1994). To satisfy the knowledge element of Section 2252(a)(4)(B), the government must prove beyond a reasonable doubt that defendant knew the matter in question contained a visual depiction of a minor engaging in sexually explicit conduct. United States v. Alfaro–Moncada, 607 F.3d 720, 733 (11th Cir. 2010); United States v. Dixon, 589 F. App'x 427, 428 (11th Cir. 2014).

5. Possession may be established by proof of either actual or constructive possession. United States v. Glover, 431 F.3d 744, 748 (11th Cir. 2005). "Actual possession exists when a person has direct physical control over a thing." Henderson v. United States, 135 S. Ct. 1780, 1784 (2015). "Constructive possession is established when a person, though lacking such physical custody, still has the power and intent to exercise control over the object." Id.; see also United States v. Little, 864 F.3d 1283, 1288–89 (11th Cir. 2017); United States v. Perez, 661 F.3d 568, 576 (11th Cir. 2011).

6. Federal law defines "child pornography" to include "any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture" where "the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct." 18 U.S.C. § 2256(8)(A).

7. A visual depiction for the purposes of Section 2252(a)(4) includes "data stored on computer disk or by electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means." 18 U.S.C. § 2256(5).

8. "[S]exually explicit conduct" is defined by the statute as: "(i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (ii) bestiality; (iii) masturbation; (iv) sadistic or masochistic abuse; or (v) lascivious exhibition of the genitals or pubic area of any person." 18 U.S.C. § 2256(2)(A).

9. A "minor" is any person under the age of eighteen years. 18 U.S.C. § 2256(1).

10. The matter which contained the visual depiction must have been mailed; or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign; or produced using materials which had been mailed or shipped or transported by any means including by computer. 18 U.S.C. § 2252(a)(4)(B).

**III.**

11. In February 2015, the Federal Bureau of Investigation (FBI) took over "Playpen," which at the time was the largest known active child pornography website. Instead of immediately shutting down the website, the FBI became the administrator of the website and logged user activity on the Playpen website from February 20, 2015 through March 4, 2015.

12. The Playpen website operated on the "dark web." To access the Playpen website, users needed to know the specific addresses of the website, which was an otherwise random generation of characters. Moreover, the website required users to create a username and password to access the website.

13. During the days that the FBI logged activity on the Playpen website, defendant David Caswell, using the username "WhaddupYall," knowingly accessed the Playpen website using a computer and viewed matters that Caswell knew contained visual depictions of minors engaged in sexually explicit conduct, i.e., child pornography.

14. FBI agents used a network investigative technique to identify the IP address from which Caswell was accessing the Playpen website using a computer. That IP address was then linked to the defendant's physical address, which was determined to be 3090 42nd Street SW, Naples, FL 34116.

15. On August 6, 2015, the FBI obtained a search warrant for 3090 42nd Street SW, Naples, FL 34116. The search warrant was executed on the same date.

16. The FBI interviewed Caswell during the execution of the search warrant on August 6, 2015. Caswell stated, among other things, that he was familiar with the TOR (The Onion Router) network; that he logged on to the Playpen website using the computer described in paragraph 17 below to access images of minors engaged in sexually explicit conduct; and that he created the username "WhaddupYall."

17. During the search of Caswell's house on August 6, 2015, Caswell provided the FBI with the password to an encrypted file on his computer, a Dell Optiplex 9010 computer tower, serial number 28992309121. FBI agents searched that encrypted file and located multiple images and videos of minors engaged in sexually explicit conduct (hereinafter "child pornography matters").

18. Caswell knowingly possessed those child pornography matters on his computer. The defendant knew that each visual depiction contained in the child pornography matters showed a real-life minor engaged in sexually explicit conduct, and he knew that the production of the visual depictions involved the use of a real-life minor engaged in sexually explicit conduct.

5

19. Caswell obtained the visual depictions described in paragraphs 17 and 18 over the Internet. As such, these visual depictions were transported using a means or facility of interstate or foreign commerce within the meaning of Section 2252(a)(4)(B).

20. Venue is established in the Middle District of Florida because defendant possessed the computer and the child pornography matters at his residence in Naples, Florida, which is within the Middle District of Florida.

21. Defendant's motion to dismiss and motion for judgment of acquittal made at the conclusion of the government's evidence are denied. The motion to dismiss is denied for the reasons previously stated in the Magistrate Judge's Report and Recommendation and this Court's Orders on the motion to suppress and the motion for reconsideration, and the motion for judgment of acquittal is denied because a reasonable fact-finder could conclude that the evidence establishes defendant's guilt beyond a reasonable doubt.

22. In sum, the Court concludes that the United States has proven beyond a reasonable doubt that David Caswell is guilty of knowing possession of child pornography on or about August 6, 2015, at his residence in Naples, Florida in violation of 18 U.S.C. § 2252(a)(4)(B).

23. The United States has established that the Dell Optiplex 9010 computer tower, serial number 28992309121, should be forfeited to the United States since it is property used and intended to be used to commit the offense of possession of child pornography as charged in the Indictment and of which defendant has now been convicted.

24. At the request of defendant, and without objection from the United States, the Court will delay formal adjudication of guilt until the time of the sentencing hearing. Defendant has consented to the preparation of a presentence report.

**DONE AND ORDERED** at Fort Myers, Florida this ___21st___ day of December, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:  Counsel of Record
U.S. Probation