UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                    CASE NO: 2:16-cr-134-FtM-29MRM

DAVID CASWELL

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion For Release Pending Appeal (Doc. #83) filed on March 23, 2018. The United States' Response (Doc. #93) was filed on April 5, 2018, and, with the permission of the Court, Defendant's Reply (Doc. #95) was filed on April 20, 2018. For the reasons set forth below, the motion is denied.

On December 16, 2016, defendant was released on an unsecured $25,000 bond. (Doc. #7.) After a bench trial on stipulated facts, defendant was convicted of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). On March 26, 2018, defendant was sentenced to thirty-six months imprisonment, followed by a term of supervised release. (Doc. #88.) Defendant was continued on release, but ordered to self-surrender to the designated facility on or before May 18, 2018, at noon. (Doc. #86.) Defendant seeks to remain on release while he takes a direct appeal of his conviction and sentence.

The statute governing release or detention pending an appeal by a defendant provides as follows:

> (b)(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds--
>
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
>
>> (i) reversal,
>>
>> (ii) an order for a new trial,
>>
>> (iii) a sentence that does not include a term of imprisonment, or
>>
>> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.
>
> If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.
>
> (2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and sentenced to a term of imprisonment, and

>       who has filed an appeal or a petition for a
>       writ of certiorari, be detained.

18 U.S.C. § 3143(b).

The government asserts that defendant's motion begins and ends with § 3143(b)(2). Possession of child pornography is an offense "in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142", and defendant was sentenced to a term of imprisonment. Therefore, "[t]he judicial officer shall order [defendant] . . . be detained." Id. Thus, under normal circumstances defendant would not be eligible for release pending appeal. United States v. Meister, 744 F.3d 1236, 1236-37 (11th Cir. 2013). Defendant concedes this much (Doc. #96, p. 1).

Defendant asserts, however, he may nonetheless be released under 18 U.S.C. § 3145(c) because he has shown "exceptional reasons" why detention pending appeal would not be appropriate. Contrary to the argument of the United States (Doc. #93, pp. 3, 5), "a district court does have jurisdiction to grant a defendant release pending sentencing and appeal pursuant to the provisions of 18 U.S.C. § 3145(c)." Meister, 744 F.3d at 1237.

The pertinent portion of § 3145(c) provides: "A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be

appropriate." 18 U.S.C. § 3145(c). Thus, defendant must (1) establish that he meets the conditions of release set forth in section 3143(a)(1) or (b)(1), and (2) clearly show that there are exceptional reasons why detention would not be appropriate. The Court concludes defendant has failed to establish either requirement.

The United States challenges only one of the requirements that defendant must clearly establish under § 3143(b)(1). The government challenges only defendant's showing that the appeal raises a substantial question of law or fact. "[A] 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous. It is a "close" question or one that very well could be decided the other way. Further, there are no blanket categories for what questions do or do not constitute "substantial" ones. Whether a question is "substantial" must be determined on a case-by-case basis." United States v. Giancola, 754 F.2d 898, 901 (11th Cir. 1985) (footnote omitted). For the reasons set forth by the United States (Doc. #93, pp. 8-12), the Court finds defendant has not satisfied these standards, and the issues he has identified for appeal are not substantial questions.

The Court also finds that defendant has not clearly shown that there are exceptional reasons by his detention would not be appropriate under § 3145(c). Defendant asserts this his criminal

behavior was aberrational; in his 52 years he has never been in trouble before, and he does not show any indications of predatory behavior, sexual arousal, or risk to children or others; he has distanced himself from his family while maintaining his support obligations; he has attempted atonement for his transgressions; he immediately cooperated with law enforcement, remained in Florida, and voluntarily submitted to rehabilitative efforts; he has made concerted efforts to resolve his diagnosed pornography compulsion; and his total time on the child pornography site was a relatively modest 15 hours over six weeks in 2015. Nothing in this circumstances are out of the ordinary. The Court finds that none of these facts, either individually or cumulatively, constitute exceptional reasons for defendant's release on bond pending appeal.

Accordingly, it is hereby

**ORDERED:**

Defendant's Motion For Release Pending Appeal (Doc. #83) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___24th___ day of April, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record